THOMAS F. McCRAN, ATTORNEY-GENERAL, INFORMANT, v. PLAINFIELD UNION WATER COMPANY, RESPONDENT.

Argued May 4, 1926—Decided February 9, 1927.

At common law a judgment in *quo warranto* proceedings might be entered against the king, and there was no distinction, in a proceeding of a criminal nature, between an information filed by the attorney-general, *ex officio*, and an information filed by him at the relation of an individual, except that in the latter instance, upon a judgment in favor of the defendant, he was entitled to costs against the relator, but not against the king. Hence, it follows that upon a *quo warranto* information, filed by the attorney-general on behalf of the state, as above indicated, and which, upon a trial of an issue of fact, results in favor of the defendant, he is entitled to the entry of a judgment in his favor, but without costs.

On *quo warranto*. On defendant's motion to discharge rule to show cause and for leave to enter judgment.

Before Justices KALISCH and KATZENBACH.

For the informant, *Edward L. Katzenbach,* attorney-general (*William Newcorn,* of counsel).

For the respondent, *Frank Bergen* (*Lindabury, Depue & Faulks,* of counsel).

The opinion of the court was delivered by

KALISCH, J.    There was an information, filed by the attorney-general, on behalf of the State of New Jersey against the respondent company, seeking a forfeiture of the defendant company's charter, for having unlawfully misused and diverted the franchises granted to it, under said charter, "in contempt of the State of New Jersey and to its great damage and prejudice against its sovereignty and dignity."

It is to be observed that the information is purely criminal in its character, and filed by the attorney-general in his official

capacity.  The subsequent pleadings raised issues of fact which were tried at the Union Circuit and resulted in a verdict of not guilty.  The verdict was rendered on November 18th, 1925, and shortly thereafter the state, informant, was allowed a rule to show cause why the verdict should not be set aside and a new trial granted.  There was nothing done by the state to perfect the rule to show cause.  Notice has been given by the defendant to the attorney-general of an application to be made to the court to discharge the rule and to enter a judgment on the verdict in favor of the defendant against the state, informant.  On behalf of the state it is represented that the state consents to the discharge of the rule to show cause, and, in fact, asks leave to discontinue its prosecution, but opposes the entry of a judgment on the verdict in favor of the defendant against the state.

In *quo warranto* proceedings at common law, it appears, upon authority, a judgment may be entered against the king. In 7 *Com. Dig.* (*Ed.* 1826) 201, *ch.* 6, under the caption "The Effect of the Judgment," the author says: "The judgment in *quo warranto* is final; for it is in the nature of a writ of right." 1 *Sid.* 86.  And, therefore, if judgment be against the king, the king shall be forever bound as to the thing adjudged. 1 *Rol.* 112.  So, if judgment be against the king upon a confession by the attorney-general, it shall never afterwards be re-examined for a matter in fact; for as to the fact it is conclusive, though not as to the law. *Hard.* 129." See, also, *Cole Crim. Inf.* 90, 91, and the cases referred to by the author.

In regard to the criminal nature of the proceeding there was no distinction drawn at common law, between an information filed by the attorney-general *ex officio* and where an information was filed by him at the relation of an individual or individuals, except that in the latter instance if the judgment was in favor of the defendant he was entitled to enter such judgment for costs against the relator or relators, but not against the king. *Cole Crim. Inf.* 113, 237, marginal paging.

The view expressed is further fortified by the case of *Rex* v. *Powell et al.,* 1 *Str.* 33, where there was a motion to dis-

charge a rule for the prosecutor of an information *in natura quo warranto* to pay costs for not going on to trial, the court said: "In the case of the king there can be no laches, but a subject in these prosecutions shall pay costs as in common actions."

Mr. Cole, in his valuable work on *"Criminal Information,"* on page 163, says: "A judgment for the crown upon a writ of *quo warranto,* or upon an information in the nature of a *quo warranto,* exhibited by the attorney-general *ex officio,* is that the franchise be taken into the hands of our lady the queen, or that the defendant be ousted (according to the nature of the office or franchise), and that he be taken to satisfy our said lady the queen for his usurpation. *Com. Dig., tit. 'Quo Warranto,' c.* 5. But no costs can be awarded against the defendant as the crown neither receives nor pays costs. The defendant may, however, be fined for his usurpation, according to the discretion of the court. When the information is filed, at the instance of a relator, under the *Stat.* 9 *Ann., c.* 20, the fine is merely nominal (3 *Black. Com., c.* 17). and is included in the taxed costs."

In *State, ex rel. Davis et al.,* v. *William H. Davis et al.,* on information in the nature of a *quo warranto,* 57 *N. J. L.* 203, Chief Justice Beasley clearly recognized the common law doctrine; for the Supreme Court in that case imposed a fine of $200 on each defendant, thus, manifestly, keeping in view that the provision of the *Stat.* 9 *Ann., supra,* relating to the imposition of a mere nominal fine, was only applicable to an information filed under the cited statute. See *Cole Crim. Inf.* 282, and the author's note to form of *"Capias pro fine,"* No. 60.

In *Attorney-General* v. *Belleville,* 81 *N. J. L.* 200, Mr. Justice Swayze, speaking for the Supreme Court, clearly kept in mind the distinction existing, in the practice at common law, between informations filed by the attorney-general, in his official capacity, and those informations filed by him, at the relation of an individual, for at page 207, the learned justice said: "Judgment must be entered in favor of the defendant, but as this is an action by the attorney-general in his official capacity, no costs are allowed."

In *Westcott, Attorney-General,* v. *Passaic,* 91 *N. J. L.* 501, where the information was filed by the attorney-general in his official capacity, the Supreme Court (at *p.* 504), after reciting that "the defendant in its plea prays judgment, and that the corporate franchises, its liberties, privileges and franchises, by it claimed, in manner aforesaid, may be allowed, and adjudged to it and this defendant may be discharged by the court hereafter and from the premises above charged against it," said: "To this we think the defendant is entitled, and judgment may be entered accordingly."

In accordance with the views herein expressed,. the defendant is entitled to enter a judgment on the verdict in its favor on the issues determined by said verdict, but this being an action by the attorney-general in his official capacity, no costs are allowed.